UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NEIL DESAI, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:17-CV-01055-NKL |
| GARCIA EMPIRE, LLC, et al., | ) |
| Defendants. | ) |

**ORDER**

Pending before the Court are Plaintiffs Neil and Heta Desai's Motion to Remand, Doc. 7, and Defendant Garcia Empire, LLC's Motion to Remand, Doc. 9. For the following reasons, the motions are granted.

**I.    Introduction**

The present matter involves an insurance dispute, arising out of an incident between Plaintiff Neil Desai and an employee of Defendant Garcia Empire, LLC, which resulted in Desai's fractured right arm. On October 2, 2017, Neil and his wife, Heta, ("the Desais") obtained a judgment against Garcia Empire in the amount of $6,932,831, for damages suffered as a result of Garcia Empire's conduct. Prior to entry of the judgment, the Desais and Garcia Empire entered into a settlement agreement pursuant to Mo. Rev. Stat. § 537.065, which limited recovery to any insurance coverage provided by Defendant Specialty Insurance Company.

The Desais subsequently filed this lawsuit in the Circuit Court of Jackson County on November 6, 2017, seeking equitable garnishment under Mo. Rev. Stat. § 379.200. Pursuant to that statute, Garcia Empire and Seneca are both named as defendants. On December 21, 2017, Seneca removed the matter to this Court on the basis of diversity jurisdiction. The Desais and

1

Garcia Empire now move to remand, arguing that Seneca failed to obtain Garcia Empire's consent to removal, and, alternatively, that equitable garnishment under Mo. Rev. Stat. § 379.200 constitutes a direct action under 28 U.S.C. § 1332, which prevents removal.

## II. Discussion

Upon removing an action to federal court, the defendant bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction over the case. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010); *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir. 1969). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." *Baumgartner v. Ford Motor Credit Co.*, No. 07-4084-CV-C-NKL, 2007 WL 2026135, at *1 (W.D. Mo. July 9, 2007) (citing *In re Business Men's Assurance Co. of America*, 992 F2d 181, 183 (8th Cir. 1993)).

It is undisputed that there is complete diversity of citizenship among the parties. The Desais are citizens of Georgia, Garcia Empire is a citizen of Missouri, and Seneca is a citizen of Delaware and New York. Ordinarily, however, all defendants must consent to removal or the case will be remanded. *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008) ("[T]he failure of one defendant to consent renders the removal defective . . . ."). In the present matter, Seneca removed the action without Garcia Empire's consent.

Seneca maintains that Garcia Empire's consent is not required because it is only a nominal party. "[N]ominal defendants, those 'against whom no real relief is sought,' need not join in the petition [for removal]." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002); *see also Dumas v. Patel*, 317 F. Supp. 2d 1111, 1113 n.5 (W.D. Mo. 2004). However, most courts limit this "exception" for nominal party defendants "to situations in which

2

it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." *Balling v. Bendickson*, No. 4:12-CV-860 CAS, 2012 WL 3715810, at *2 (E.D. Mo. Aug. 27, 2012) (citing *Maryville Data Sys., Inc. v. Holman*, No. 4:05CV1535JCH, 2005 WL 3416470, at *2 (E.D. Mo. Dec. 13, 2005)).

Garcia Empire is a necessary and indispensable party to the litigation, and therefore the nominal party exception to the unanimous consent requirement does not apply. Mo. Rev. Stat. § 379.200 requires plaintiffs to join both the judgment debtor and the insurance company in equitable garnishment actions filed under the statute. *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993) (recognizing "the plain statutory command that the judgment debtor be joined in an action under § 379.200"). The requirement remains even where, as is the case here, the parties enter into a settlement agreement pursuant to Mo. Rev. Stat. § 537.065. *See Id.* ("[T]he Missouri legislature had good reason to require that the judgment debtor be joined in the statutory action, even if that action does not expose the judgment debtor to any risk of additional liability."). Therefore, despite the fact that the Desais and Garcia Empire entered into a Section 537.065 agreement, the Desais were required by statute to join Garcia Empire as a defendant in this action. As such, Garcia Empire cannot be considered a nominal party, and their consent was required for removal. *See Spencer v. GEICO Indem. Co.*, No. 14-00104-CV-W-GAF, 2014 WL 12607827, at *2 (W.D. Mo. Mar. 25, 2014) (finding that judgment debtor's consent to removal required in equitable garnishments pursuant to Mo. Rev. Stat. § 379.200). Notably, the Court is not alone in coming to such a conclusion. Many other courts within this District and the Eastern District have similarly rejected the argument that judgment debtors are merely nominal parties in equitable garnishment actions under Mo. Rev.

Stat. § 379.200. *See, e.g.*, *Bullar v. U.S. Specialty Ins. Co.*, No. 4:15CV822 JCH, 2015 WL 4243438, at *2 (E.D. Mo. July 13, 2015) ("[Defendant] contends [the judgment debtor's] consent was not necessary as they are merely nominal Defendants, whose presence is unnecessary to the adjudication of this case. Upon consideration the Court disagrees . . . ."); *Spencer*, 2014 WL 12607827, at *2 ("[The judgment debtor] is not a nominal party to Plaintiff's claims under Missouri Revised Statute § 379.200."); *Reed v. ASSURANT, INC.*, No. 13-01183-CV-W-GAF, 2014 WL 12607826, at *3 (W.D. Mo. Feb. 6, 2014) (The insured defendant "is not a nominal party to Plaintiff's claims under Missouri Revised Statute § 379.200."); *Demann v. Liberty Mut. Fire Ins. Co.*, No. 4:12CV00990 ERW, 2012 WL 3939827, at *2 (E.D. Mo. Sept. 10, 2012) ("[T]he defendant cannot be a nominal party."); *Kendall v. N. Assur. Co. of Am.*, No. 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009) ("Northern's fleeting argument that 'the [insured defendants] are merely nominal or formal parties' is unpersuasive.").

Seneca maintains that the Court must find that Garcia Empire's consent is not required due to a recent Eighth Circuit opinion, *Williams v. Employers Mutual Casualty Company*, 845 F.3d 891 (8th Cir. 2017). The Court does not agree. *Williams* never discusses the unanimity consent requirement, and the judgment debtor's consent to removal is not an issue in the case. *Id.* Indeed, *Williams* was removed under the Class Action Fairness Act, which permits class actions to be removed "by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b); *Blockbuster v. Galeno*, 472 F.3d 53, 56 (2nd Cir. 2006). As such, the motion to remand in *Williams* focused exclusively on whether the claim was a class action at all. *Williams*, 845 F.3d at 899. Furthermore, while *Williams* does refer to the judgment debtor as "nominal," it does so only in the context of analyzing whether the consent judgment was appealable. *Id.* at 897. Because the issues in *Williams* are different than those in the present

matter, the Eighth Circuit's use of the phrase "nominal" in *Williams* does not suggest an intent to change consistent case law on an unrelated issue.

Mo. Rev. Stat. § 379.200 requires Garcia Empire to be joined as a defendant in this action. As such, it is a necessary and indispensable party whose consent was required for removal to be proper. Because Seneca failed to obtain Garcia Empire's consent, removal of the action to this Court is defective, and it must be remanded. *Spencer*, 2014 WL 12607827, at *2. The question of whether Mo. Rev. Stat. § 379.200 constitutes a "direct action," as that phrase is used in 28 U.S.C. § 1332(c)(1), does not affect the outcome of these motions, and therefore the Court need not address the issue.

**III. Conclusion**

For the foregoing reasons, Plaintiffs Neil and Heta Desai's Motion to Remand, Doc. 7, and Defendant Garcia Empire, LLC's Motion to Remand, Doc. 9, are granted.

s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 13, 2018  
Jefferson City, Missouri